IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

QUOC XUONG LUU,

      Petitioner,               No. CIV S-08-1744 WBS GGH P

    vs.

IMMIGRATION AND NATURALIZATION
SERVICE (INS), et al.,[1]

      Respondent.           ORDER

_____/

        Petitioner, a prisoner proceeding pro se, has purportedly filed a petition pursuant to 28 U.S.C. §2241, together with a request to proceed in forma pauperis. Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

        This filing, transferred from the Northern District, is difficult to navigate. Petitioner sets forth an essentially indecipherable ground for relief: "whether the Sixth Amendment liberty guarantee its interpretation of protection to foreign entity the beauty to utilize respondent's constitutional principles." Petition, p. 18.

---

[1] Petitioner is informed that the agency formerly known as the INS, is currently denominated Immigration and Customs Enforcement (ICE). Petitioner also sets forth both the U.S. Department of Homeland Security and the State of California as "Real Party in Interest."

1

1  Petitioner, currently incarcerated at California State Prison-Solano, claims that he and his family entered the United States in 1986 as refugees, after fleeing from Viet Nam. Id. Petitioner recounts that he pled "nolo contest [sic]" to various state criminal offenses in Santa Clara County Superior Court including, but not limited to, robbery, home invasion, and assault with a deadly weapon. Id. Petitioner states that he was sentenced to a twelve-year state prison term, with a calculated release date of March 27, 2008; however, he maintains that his current release date has been extended to November 30, 2008, due to various prison disciplinary infractions. Id., at 18-19.

On February 1, 1999, respondent issued a "hold, warrant or detainer," indicating that an investigation had been initiated to determine whether petitioner was subject to removal from the U.S. Petition, p. 19; Exhibit A, pp.8-9. At pages 8-16 of the petition, petitioner recounts the previous unsuccessful avenues he has pursued to challenge the hold/detainer. However, although petitioner claims this matter comes within this court's jurisdiction, petitioner has a threshold obstacle:

> [t]he petition has an incurable flaw: [petitioner] cannot meet the custody requirement. Federal jurisdiction over a petition for writ of habeas corpus exists only for petitions filed by persons 'in custody' at the time the petition is filed." See U.S.C. § 2241(c); Carafas v. LaVallee, 391 U.S. 234, 238, 88 S. Ct. 1556 [] (1968). "[T]he bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available.' Campos v. INS, 62 F.3d 311, 314 (9th Cir. 1995)(quoting Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994). *The petitioner has to be in custody for the action he seeks to challenge in his habeas petition.*

Mitchell v. Gonzales, 2007 WL 2688693 *1 (N.D. Cal. 2007)[emphasis added].

Although incarcerated in state prison for violations of state law, petitioner makes clear, on the face of his petition, that he is not currently in custody as a result of the hold he apparently seeks to challenge. The petition will be dismissed. Although it appears that petitioner will be unable to cure the defect of this petition, petitioner will be granted leave to amend, within thirty days, on the appropriate form for this district.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis is granted;

2. The petition is dismissed with leave to amend, within thirty days, on the appropriate form for this district; and

3. The Clerk of the Court is directed to send petitioner the appropriate form for filing a habeas petition, pursuant to 28 U.S.C. § 2241.

DATED: 10/28/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
luu1744.ord